**EXHIBIT A**

JUDGE PRESKA

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

GINTER LOGISTICS SERVICE CO., LTD

V.

ACH FREIGHT FORWARDING, INC. JIMIN ZHOU A/K/A JIMMY ZHOU, XIAO JI HE D/B/A PACIFIC JIN AN TRADING, INC. and XIN MAIO, INC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CIV 8677

To: Defendants as follows:

ACH Freight Forwarding, Inc.
41-10A Main Street, 2nd Floor
Flushing, NY 11355

Jimin Zhou a/k/a Jimmy Zhou
41-10A Main Street, 2nd Floor
Flushing, NY 11355

Xiao Ji He d/b/a Pacific Jin An Trading, Inc.
110-90 Dunkirk Street, 1st Floor
Jamaica, NY 11412

Xin Miao, Inc.
110-90 Dunkirk Street, 1st Floor
Jamaica, NY 11412

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DAI & ASSOCIATES, PC
ATTORNEYS FOR PLAINTIFF
136-18 39TH AVE, SUITE 1102
FLUSHING, NY 11354
TEL: 718-888-8880
FAX: 718-888-9270

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

OCT 09 2007

**J. MICHAEL McMAHON**

CLERK                                          DATE

(By) DEPUTY CLERK [signature]

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                            Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GINTER LOGISTICS SERVICE CO, LTD,    07 CIV 8677

                Plaintiff,

-against-    VERIFIED COMPLAINT

ACH FREIGHT FORWARDING, INC., JIMIN ZHOU    (JURY TRIAL WAIVED)
a/k/a JIMMY ZHOU, XIAO JI HE d/b/a PACIFIC JIN AN
TRADING, INC. and XIN MAIO, INC.,

                Defendants.
-------------------------------------------------------------X

1. This is a lawsuit to recover from Defendants the past due payments owed to Plaintiff under applicable state and federal law.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over the within civil action pursuant to 28 U.S.C. §1332(a) where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between one foreign corporation (plaintiff) and residents and corporations of New York (defendants).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Ginter Logistics Service Co., Ltd. (hereinafter interactively referred to as "Ginter" and "Plaintiff"), is a foreign corporation duly organized and existing under the laws of the country of China. Ginter has its principle place of business at 5-2-102, First City, No. 19 Xidawan Lu, Chaoyang District, Beijing, China 100022.

1

5. Defendant, ACH Freight Forwarding, Inc. (hereinafter interactively referred to as "ACH") is, upon information and belief, a corporation organized and existing under the laws of the state of New York. ACH has its principal place of business at 41-10A Main Street, 2nd Floor, Flushing, NY 11355.

6. Defendant, Jimin Zhou a/k/a Jimmy Zhou ("Zhou"), is an individual residing at the state of New York and working as a manager for ACH with the place of employment at 41-10A Main Street, 2nd Floor, Flushing, NY 11355.

7. Defendant, Xiao Ji He d/b/a Pacific Jin An Trading, Inc. ("Pacific") is an individual residing at the state of New York and maintaining a principal place of business at 110-90 Dunkirk Street, 1st Floor, Jamaica, NY 11412.

8. Defendant, Xin Miao, Inc. ("Xin Miao") is a corporation duly organized and existing under the laws of the state of New York. It maintains a principal place of business at 110-90 Dunkirk Street, 1st Floor, Jamaica, NY 11412.

9. ACH, Zhou, Pacific and Xin Miao are referred to as "Defendants" hereafter.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

10. Plaintiff realleges each allegation set forth in paragraphs 1 through 9, as if they are fully restated here.

11. In or about April, 2006, Defendant ACH entered into a series of freight service agreements with Ginter in which Ginter agreed to provide Defendants with ocean freight service including, but not limited to, reserving containers and vessels, land transportation, loading, making bills of lading, and clearing tariff and customs duty. Defendants shall make payments upon receipt of the merchandises.

2

12. From April 15, 2006 to September, 2006, Plaintiff made seven consecutive shipments including nineteen containers to Defendants from Xingang, China to New York, the U. S. A. at the price of $76,318.78.

13. On or about July 25th, 2006, Defendant ACH and Defendant Zhou accepted and sold the merchandises, but they did not make payments to Plaintiff.

14. In light of Defendant ACH' non-payment, Plaintiff withheld the last two shipments in transit and disposed the merchandises to mitigate the loss, in accordance with New York Uniform Commercial Code § 7-308.

15. As a result, Plaintiff incurred additional damages, including but not limited to, warehousing, transportation and labor costs no less than $23,258.16.

16. To date, Defendant ACH has not made the payment and leaves $99,576.94 unpaid and owing.

17. Therefore, Defendants have breached the contract and Plaintiff is entitled to damages in an amount no less than $99,576.94 or an amount to be determined by this Court.

### SECOND CAUSE OF ACTION: BREACH OF IMPLIED-IN-FACT CONTRACT

18. Plaintiff realleges each allegation set forth in paragraphs 1 through 17, as if they are fully restated here.

19. The facts and circumstances of this case demonstrate that the parties intended to operate under a set course of dealing. The parties intended for there to be a binding contract between them.

20. Defendant ACH requested Plaintiff to provide freight service for which Plaintiff expects to be paid. Plaintiff performed the said service to benefit of DefendantACH and Defendant ACH accepted the said services without any complaint

21. This implied contract in fact governed the parties' actions.

22. By virtue of non-payment, Defendants have breached their implied-in-fact contractual obligations to Plaintiff, and thus Plaintiff is entitled to damages to be determined by this Court.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

23. Plaintiff realleges each allegation set forth in paragraphs 1 through 22, as if they are fully restated here.

24. Defendants accepted and sold merchandises shipped by Plaintiff without paying the shipping service. By such actions, defendants have been unjustly enriched at the expense of Plaintiff.

25. Plaintiff is entitled to damages to be determined at trial.

### FOURTH CAUSE OF ACTION: CONVERSION

26. Plaintiff realleges each allegation set forth in paragraphs 1 through 25, as if they are fully restated here.

27. By providing ocean freight services and paying all expenses incurred, Plaintiff is a person in the position of a carrier and a person in the position of a seller.

28. Plaintiff therefore has acquired security interests on and has right to possession of the said shipments, in accordance with New York Uniform Commercial Code § 7-307, § 2-707 and other applicable laws and legal authorities.

29. On or about July 25th, 2006, Defendant ACH and Defendant Zhou wrongfully obtained the shipments, without surrendering the bills of lading therefor, and without making any payments attached thereto.

30. Thereafter, Defendant ACH and Defendant Zhou wrongfully converted the seven containers to their own use in disregard of Plaintiff's right to possession of the said shipments. On information and belief, Defendant ACH and Defendant Zhou have resold the converted merchandises and retained all proceeds thereof.

31. On information and belief, Defendant ACH, Defedent Zhou, Defendant Pacific and Defendant Xin Miao were acting in concert in the alleged conducts of conversion.

32. Plaintiff has repeatedly demanded that Defendants return the shipments, or in the alternative, reimburse Plaintiff for their value, but Defendants have failed and refused to return the shipments, or to pay for same.

33. By reason of the above, Plaintiff has sustained money damages in an amount to be determined at trial, but no less than $ 99,576.94, plus interest.

## FIFTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT

34.   Plaintiff realleges each allegation set forth in paragraphs 1 through 33, as if they are fully restated here.

35. On or about July 13th, 2006 and July 28th, 2006, in an effort to wrongfully obtain the legal title of the said shipments, Defendant Zhou informed Plaintiff that they were wiring partial payments to Plaintiff in exchange of bills of lading and continuing services. Additionally, in support of his representation, Defendant Zhou produced photocopies of several banking instruments including a signed check and a completed Wiring Application. In reliance on Defendant Zhou's statement, Plaintiff continued to provide the freight services and paid all expenses and costs incurred.

5

36. Plaintiff later finds out that Defedents did not make payments and the authenticities of the aforementioned banking instruments remain unclear.

37.   . In fact, Defendants had no intention to make payments and fraudulently induced Plaintiff to provide the said freight service.

38. On information and belief, Defendant ACH, Defedent Zhou, Defendant Pacific and Defendant Xin Miao were acting in concert in the alleged conducts of fraudulent inducement.

39.   Plaintiff relied on these misrepresentations to its detriment and is entitled to damages to be determined by this Court at trial.

## SIXTH CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

40.   Plaintiff realleges each allegation set forth in paragraphs 1 through 39, as if they are fully restated here.

41.   Defendants have failed to observe the reasonable commercial standards of fair dealing in the industry.

42.   Defendants have not taken reasonable efforts towards meeting their contractual obligations under the parties' contracts.

43.   Defendants have injured and prejudiced the rights of the Plaintiff.

44.   By virtue of Defendants' breach of covenant of good faith and fair dealing under the contracts, and Plaintiff is entitled to damages to be determined by this Court at trial.

WHEREFORE, Plaintiff prays for a judgment in Plaintiff's favor against Defendants for:

1. damages, jointly and severally, against Defendants, in an amount to be determined at trial, but no less than $99,576.94; and

2. punitive damages;

3. pre- and post-judgment interest on all damages amounts;

4. the reasonable litigation costs and attorneys' fees of this action;

5. and such other and further relief that the Court may deem mete and proper.

Dated: Flushing, New York
September 27, 2007

Dai & Associates, P.C.

By: _____
Yuan Zheng, Esq. (YZ1975)
Attorneys for Plaintiff
138-18 39th Ave, Suite 1102
Flushing, New York 11354
Tel: (718) 888-8880

## VERIFICATION

YUAN ZHENG, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR §2106:

I am an associate of Dai & Associates, P.C., attorney for plaintiff Ginter Logistics Service Co., Ltd and I have read the contents of the foregoing complaint and it is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

( X )   I make this verification because plaintiff resides outside of the county where Dai & Associates, P.C. maintains its office.

( X )   I make this verification because plaintiff is a corporation and Dai & Associates, P.C. is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: Flushing, New York
September 27, 2007

_____
YUAN ZHENG

8

**EXHIBIT B**

# FEDERAL MARITIME COMMISSION
800 North Capitol St. NW, Washington, DC 20573

[Back to the Main OTI Query Screen](#)

**Information dated as of :** Nov 1 2007 9:00PM

**Query Match Selections - NVOCCs**

**Press "Alt s" to repeatedly search page**

<u>Note</u>: You may search on organization or license number, name or portion of a name or number. When your search reaches the end of the file, it will return to the top of the file.

[FMC-1 OTI/NVOCC Listing]

<u>Note</u>: Commission regulations permit non-US-based NVOCCs to be licensed or unlicensed (See 46 CFR 515.11, 46 CFR 515.21, also Ocean Transportation Intermediary FAQs available on the Commission website under the FAQ and Notices button). On this listing, unlicensed non-US-based NVOCCs are designated with ** in the License No. field. Licensed non-US-based NVOCCs are included in this list with their license number in the License No. field.

| Org. # | License # | Name | NVOCC Trade Name | NVOCC Trade Name | Optional Rider for China Trade (Effective Date) |
|---|---|---|---|---|---|
| 014703 | 004403N | "A" PACIFIC EXPRESS, ENTERPRISES | | | |
| 007823 | 007823N | (EUROPE/U.K.) GENESIS CO. | GENESIS (EUROPE/U.K.) LTD. | | |
| 013854 | 013854N | 0123 VAN LINES, INC., THE | | | |
| 020125 | 020125N | 132 VERMILYEA CORP. | AGUSTIN CARGO EXPRESS | | |
| 019487 | 019487N | 16 EAST TREMONT CORP. | AMERICAN & CARIBBEAN SHIPPING | | |
| 017855 | 017855N | 1ST CLASS INTERNATIONAL, INC. | 1ST CLASS MOVING & SUPPLY | | |
| 019738 | 019738N | 2090 QUISQUEYA SHIPPING, INC. | QUISQUEYA SHIPPING | | |
| 009585 | 009585N | 21ST CENTURY MARITIME, INC. | CENTURY LINE | | |
| 019354 | 019354N | 3PLUS LOGISTICS CO. | | | |
| 019339 | 019339N | 4 A'S CARGO, INC. | | | |
| 015715 | 004600N | 4 SEAS INTERNATIONAL SHIPPING, INC. | | | |
| 016568 | 016568N | 5K LOGISTICS, INC. | HAUL OF FAME LINES | | |
| 016874 | 016874N | 7M TRANSPORT, INC. | | | 2004-08-26 |
| 019273 | 019273N | A & A INTERNATIONAL SHIPPING INC. | | | |
| 005658 | 002795N | A & A LTD. | | | |
| 017541 | ** | A & T FREIGHT MANAGEMENT PTE LTD. | | | |
| 018902 | ** | A & V SHIPPING COMPANY LIMITED | | | |

http://www2.fmc.gov/oti/nvos_listing.aspx (1 of 128) [11/2/2007 12:12:02 PM]

| | | | | | |
|---|---|---|---|---|---|
| 020298 | 020298N | A A SHIPPING INCORPORATED | | | |
| 013429 | 003977N | A ACTIVE FREEZONE CARGO, INC. | | | |
| 020282 | 020282N | A C H FREIGHT FORWARDING INC. | | | |
| 008641 | 008641N | A C S WORLDWIDE, INC. | | | |
| 017899 | 017899N | A CUSTOM BROKERAGE, INC. | | | |
| 015502 | 015502N | A G WORLD TRANSPORT, INC. | AIR & GROUND WORLD TRANSPORT | | |
| 015895 | 015895N | A WAY TO MOVE, INC. | | | |
| 019678 | 019678N | A&A CONTRACT CUSTOMS BROKERS USA, INC. | A&A INTERNATIONAL FREIGHT FORWARDING | | 2007-08-09 |
| 017992 | 017992N | A&C IMPORT EXPORT SERVICES, INC. | | | |
| 004899 | 001853N | A. N. DERINGER, INC. | | | |
| 020616 | 020616N | A. TRANSPORT, INC. | | | |
| 010460 | ** | A.C.C. (SHIPPING) LTD. | | | |
| 018338 | 018338N | A.C.T. LOGISTICS INC. | | | |
| 011384 | 011384N | A.H.S. INTERNATIONAL, INC. | | | |
| 012259 | ** | A.L.S. ASSOCIAZIONE LOGISTICA SPEDIZIONIERI S.R.L. | | | |
| 020056 | 020056N | A.M.C. SHIPPING, LLC | | | |
| 019674 | 019674N | A.M.X. LOGISTICS, INC. | | | |
| 010787 | 010787N | A.S.A. MANAGEMENT CORP. | SEA SHIPPING LINE | | |
| 008790 | 008790N | A.S.A.P. TRANSPORT LTD. | | | |
| 017586 | 017586N | A.S.L. SHIPPING LINES INC. | AMERICAN SHIPPING LINE | | |
| 012178 | 003772N | A.T.I., U.S.A., INC. | | | |
| 009929 | 003439N | A.V. REILLY INTERNATIONAL LTD. | | | |
| 020628 | 020628N | A.W.E. LOGISTICS GROUP LLC | | | |
| 020865 | 020865N | A+ AIRFREIGHT, INC. | A+ FREIGHT SYSTEMS | | |
| 020515 | 020515N | A1 COURIER, CORP. | | | |
| 020260 | ** | A2Z LOGISTICS INDIA PVT LTD | | | |
| 016468 | ** | AA CARGO EXPRESS CO., LTD. | | | |
| 020482 | 020482N | AA CONNECTION, LLC | | | |
| 016173 | ** | AA FREIGHT INC. | | | |
| 018486 | 018486N | AAA CARGO LLC | | | |
| 014714 | 014714N | AAA COOPER TRANSPORTATION | | | |
| 013574 | 004043N | AAA DISPATCH INTERNATIONAL, INC. | | | |
| 020576 | 020576N | AAC TRANSPORT, INC. | | | |
| 012900 | ** | AAI LIMITED | AAI INTERNATIONAL | | |
| 018429 | 018429N | AB SHIPPING, INC. | | | |
| 014934 | 014934N | ABA WORLDWIDE COURIER EXPRESS, INC. | ABA EXPRESS | | |
| 019355 | 019355N | ABAD AIR, INC. | | | |
| 012035 | 012035N | ABBA SHIPPING LINES, INC. | | | |
| 018449 | 018449N | ABC DEPOT, INC. | | | 2006-06-09 |
| 020861 | 020861N | ABC SERVICE NETWORK | | | |
| 017510 | 017510N | ABCO INTERNATIONAL FREIGHT (USA) INC. | ABCO LOGISTICS | | |
| 012524 | 012524N | ABF FREIGHT SYSTEM, INC. | ABF GLOBAL SUPPLY CHAIN SERVICES | ABF INTERNATIONAL SERVICES | 2007-06-22 |
| 013885 | 004088N | ABLE FREIGHT SERVICES, INC. | | | |
| 020843 | 020843N | ABSOLUTE SHIPPING LLC | | | |
| 016570 | 000769N | ABX LOGISTICS (USA) INC. | | | |
| 021176 | ** | AC CONTAINER LINE GMBH | | | |
| 008823 | 003379N | ACC SHIPPING U.S.A., LTD. | | | |
| 012463 | 012463N | ACCORD EXPORT LINES, INC. | | | |
| 008952 | 008952N | ACE CONSOLIDATORS CORP. | | | |
| 018616 | 018616N | ACE EXPRESS (NEW YORK) INC. | | | |
| 008061 | 003141N | ACE EXPRESS, INC. | | | |