USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

GINTER LOGISTICS SERVICE CO., LTD.   :   07 Civ. 8677 (LAP)

               Plaintiff,   :   ORDER

    v.

ACH FREIGHT FORWARDING, INC.,
JIMIN ZHOU a/k/a JIMMY ZHOU,
XIA JI HE d/b/a PACIFIC JIN AN
TRADING, INC. and XIN MAIO, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - -X

LORETTA A. PRESKA, U.S.D.J.

    Plaintiff Ginter Logistics Service Co. is a Chinese corporation that filed this action against, inter alia, Defendants ACH Freight Forwarding, Inc. ("ACH"), a New York corporation, and one of its employees, Jimin Zhou (collectively, the "Moving Defendants"). (Compl. ¶¶ 4-6.)

    According to the Complaint, Plaintiff provides "ocean freight service including, but not limited to, reserving containers and vessels, land transportation, loading, making bills of lading, and clearing tariff and customs duty." (Id. ¶ 11.) It allegedly entered into "a series of freight service agreements" with Defendant ACH to deliver certain merchandise to ACH in the United States; under those agreements, ACH was

obligated to "make payments upon receipt of the merchandises." (Id.)

From April to September 2006, Plaintiff made shipments from China to "Defendants" (id. ¶ 12), which Moving Defendants accepted on or about July 25, 2006 (id. ¶ 13). They did not pay at that time (id.), however, and Plaintiff withheld and then sold the last two shipments scheduled to be delivered under the agreements (id. ¶ 14). In addition, the Complaint alleges that, on or about the time of the July 25 delivery, Defendant Zhou falsely said that he would wire payments to Plaintiff, in reliance on which "Plaintiff continued to provide the freight services and paid all expenses and costs incurred." (Id. ¶ 35.)

The Complaint asserts six causes of action: (1) breach of contract, (2) breach of implied-in-fact contract, (3) unjust enrichment, (4) conversion, (5) fraudulent inducement and (6) breach of the covenant of good faith and fair dealing. Moving Defendants have moved to dismiss counts (4) and (5) altogether, among other reasons, because they are duplicative of Plaintiff's breach of contract claim (see Defs.' Mem. 9-13), and to dismiss all claims against Zhou because his personal liability cannot accrue to actions taken on behalf of the corporation (see id. at 14-15).

In its papers in opposition, Plaintiff requested leave to amend its Complaint. At oral argument, Plaintiff's counsel

2

described the nature of his proposed amendments. The proposed amended Complaint, however, would not withstand the motion to dismiss, and, because those amendments would thus be futile, see Foman v. Davis, 371 U.S. 178, 182 (1962); Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002), Plaintiff's request for leave to re-plead those respects is DENIED.

Even under Plaintiff's proposed amendments, the conversion count would be dismissed as duplicative of the breach of contract claims. It is well settled that an adequately pleaded claim for conversion[1] will nevertheless be dismissed as duplicative if it is based on the same facts underlying a contract action. See AD Rendon Commc'ns, Inc. v. Lumina Ams., Inc., 04 Civ. 8832, 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007); see also Reade v. SL Green Operating P'ship, 30 A.D.3d 189, 190, 817 N.Y.S.2d 230, 231 (1st Dep't 2006). To determine whether such a claim is duplicative, "courts look both to the

---

[1] "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 53 (2d Cir. 1993) (quotation omitted). To maintain a claim for conversion, a plaintiff must show that "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." See Moses v. Martin, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (internal quotation marks and citation omitted).

3

material facts upon which each claim is based and to the alleged injuries for which damages are sought." AD Rendon, 2007 WL 2962591 at *5. Here, the facts underlying the conversion claim -- unauthorized receipt and sale of the shipments -- are the same facts that form the basis of Plaintiff's breach of contract claim -- receipt of goods shipped under the "freight service agreements" between ACH and Plaintiff. The injuries from the two claims are also identical: each counts seeks $99,576.94. (See Compl. ¶¶ 17, 33.)[2] Nothing in Plaintiff's proposed amendment would change this conclusion; the conversion claim is duplicative of the breach of contract claim and is, therefore, DISMISSED.

The same is true of the claim for fraudulent inducement. See, e.g., Telecom Int'l Am., Ltd. v. AT&T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (dismissing Plaintiff's fraud in the inducement claim fraudulent inducement claim as "simply a breach of contract claim in the tort clothing"). To maintain an independent claim for fraud in the inducement, a plaintiff must either "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or

---

[2] Indeed, that the injury sustained as a result of the conversion -- loss of an opportunity to mitigate Plaintiff's damages under the freight service contracts -- cannot be described without reference to injuries sounding in contract is a further indication of the redundancy of the two counts.

4

(iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages[.]" Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996) (citations omitted). Plaintiff argues that the fraudulent representations induced it to enter into new, amended freight service agreements with respect to the final two shipments. (See Pl.'s Opp'n 13-14 ("[Plaintiff] claims that ACH and Zhou virtually defrauded it into a revised agreement and misled it to believe defendants were performing their payment duty under this revised agreement.").)[3] At oral argument, counsel was not able to articulate the terms and conditions of the new agreements or how they differed from the "old" agreement. Even if Plaintiff so pleaded, however, it indisputably seeks damages for the "old" contracts in its count for breach. (See Compl. ¶¶ 14-17.)[4] Plaintiff's tort claim

---

[3] The Complaint unequivocally contains no allegation that Zhou's representations upon the July 25 receipt of the merchandise resulted in a new agreement; in fact, the plain language of the Complaint supports the conclusion that Zhou's representations induced Plaintiff to continue its performance under the original agreement. (See Compl. ¶ 35 ("In reliance on Defendant Zhou's statement, Plaintiff continued to provide the freight services and paid all expenses and costs incurred.") (emphasis supplied).) Nevertheless, the Court's decision would be the same even if Plaintiff include such allegations in its proposed Amended Complaint.

[4] There are no damages as a result of the alleged fraudulent misrepresentation that are not also a measure of Plaintiff's contract damages, and, further, the misrepresentations were not collateral or extraneous to the original freight service agreements.

5

fails, therefore, because "simply dressing up a breach of contract claim by further alleging that the promisor had no intention, at the time of the contract's making, to perform its obligations thereunder, is insufficient to state an independent tort claim." Best Western Int'l, Inc. v. CSI Int'l Corp., 94 Civ. 0360, 1994 WL 465905, at *4 (S.D.N.Y. Aug. 23, 1994). The count for fraudulent inducement is DISMISSED, and any amendment would be futile.

It is equally true that Defendant Zhou cannot be held personally liable on the set of facts alleged in the Complaint, and Plaintiff's counsel has failed to demonstrate how any proposed amendment would alter that conclusion. Of course, "a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced." Espinosa v. Rand, 24 A.D.3d 102, 102, 806 N.Y.S.2d 186, 187 (1st Dep't 2005); see also 14A N.Y. Juris. 2d Business Relationships § 768. As discussed above, however, the tort claims in this action have been dismissed as duplicative of the contract claims. The Complaint does not plead, and Plaintiff's counsel did not indicate a desire to amend the Complaint to include, any theory upon which Zhou would be personally liable for the corporate Defendant's contracts. See, e.g., See McDonagh

Real Estate & Dev. Ltd. v. Kwilecki, 158 A.D.2d 372, 551 N.Y.S.2d 227 (1st Dep't 1990); see also 14A N.Y. Juris. 2d Business Relationships § 756 (2008).  Because an individual corporate officer will not be liable on corporate contracts absent special circumstances not pleaded here, the contract counts against Defendant Zhou personally must also be DISMISSED.

For the foregoing reasons, the motion to dismiss [dkt. no. 5] is GRANTED.  The counts for conversion and fraudulent inducement are hereby DISMISSED, and all counts against Defendant Zhou personally are DISMISSED.  The parties shall confer regarding the possibility of settlement and inform the Court by joint letter no later than Friday, July 18, 2008, how they propose to proceed.  In the event that no agreement is reached, the deadline for the close of all discovery shall be December 31, 2008; any party wishing to move for summary judgment shall request leave to do so by December 31, 2008; and the parties shall prepare and submit a joint pre-trial order and requested voir dire questions and requests to charge by January 30, 2009.

SO ORDERED:

Dated:   New York, New York
         July 14, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

7