LAW OFFICES OF BING LI, LLC
Bing Li (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Defendant
ACH Freight Forwarding, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

GINTER LOGISTICS SERVICE CO, LTD.,                07 civ. 8677 (LAP)(KNF)

                                  Plaintiff,

    -against-

ACH FREIGHT FORWARDING, INC., JIMIN
ZHOU a/k/a JIMMY ZHOU, XIAO JI HE
d/b/a PACIFIC JIN AN TRADING, INC.
and XIN MIAO, INC.,

                                  Defendants

------------------------------------------------------------------x

**ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSS-CLAIM OF
ACH FREIGHT FORWARDING, INC. [1] AND
<u>JURY TRIAL DEMAND</u>**

       Defendant ACH FREIGHT FORWARDING INC. ("ACH"), by its attorneys, Law Offices of Bing Li, LLC, for its answer to the complaint dated September 27, 2007 of plaintiff GINTER LOGISTICS SERVICE CO., LTD. (the "Complaint"), in consistence with the Order of the Court dated July 14, 2008 (the 7/14/08 Order") and in compliance with Rule 12(b) of the Federal Rules of Civil Procedure, alleges at all times and upon information and belief as follows:

---

[1] By Order dated July 14, 2008, the Court granted the motion of defendant ACH's and individual defendant Jimin Zhou a/k/a Jimmy Zhou ("Zhou") and dismissed the Fourth Cause of Action for Conversion and Fifth Cause of Action for Fraudulent Inducement and dismissed the complaint as against Zhou.

    1.    Deny the allegations made in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

    2.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 2 of the Complaint.

    3.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 3 of the Complaint.

## PARTIES

    4.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 of the Complaint.

    5.    Deny the allegations made in Paragraph 5 of the Complaint, except admit that ACH is a New York corporation with its principal place of business at 41-10A Main Street, 2nd Floor, Flushing, NY 11355.

    6.    As the Complaint has been dismissed as against Zhou pursuant to the Court's 7/14/08 Order, Zhou is not required respond to the allegations made herein.

    7.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7 of the Complaint.

    8.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 of the Complaint.

    9.    Paragraph 9 of the Complaint does not contain factual allegations and, therefore, no response is required.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION: BREACH OF CONTRACT

    10.    ACH answers each and every allegation made in Paragraphs "1" through "19" as if fully set forth herein.

11. Deny the allegations made in Paragraph 11 of the Complaint.

12. Deny the allegations made in Paragraph 12 of the Complaint.

13. Deny the allegations made in Paragraph 13 of the Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 of the Complaint.

15. Deny the allegations made in Paragraph 15 of the Complaint.

16. Deny the allegations made in Paragraph 16 of the Complaint.

17. Deny the allegations made in Paragraph 17 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION: BREACH OF IMPLIED-IN-FACT CONTRACT

18. ACH answers each and every allegation made in Paragraphs "1" through "17" as if fully set forth herein.

19. Deny the allegations made in Paragraph 19 of the Complaint.

20. Deny the allegations made in Paragraph 20 of the Complaint.

21. Deny the allegations made in Paragraph 21 of the Complaint.

22. Deny the allegations made in Paragraph 22 of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

23. ACH answers each and every allegation made in Paragraphs "1" through "22" as if fully set forth herein.

24. Deny the allegations made in Paragraph 24 of the Complaint.

25. Deny the allegations made in Paragraph 25 of the Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION: CONVERSION

26. By the 7/14/08 Order, the Court dismissed plaintiff's Fourth Cause of Action against ACH and, therefore, no answer thereto by ACH is required.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT

34. By the 7/14//08 Order, the Court dismissed plaintiff's Fifth Cause of Action against ACH and, therefore, no answer thereto by ACH is required.

### AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

40. ACH answers each and every allegation made in Paragraphs "1" through "39" as if fully set forth herein.

41. Deny the allegations made in Paragraph 41 of the Complaint.

42. Deny the allegations made in Paragraph 42 of the Complaint.

43. Deny the allegations made in Paragraph 43 of the Complaint.

44. Deny the allegations made in Paragraph 44 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. The Complaint is barred by plaintiff's breach of the contract with ACH.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. The Complaint is barred by ACH's full performance of the contract with plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. ACH is entitled to setoff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. The Complaint is barred by the doctrine of laches, waiver and mutual releases.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. The Complaint is barred by the Statute of Frauds.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. The Complaint is barred by satisfaction and accord.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. The Complaint is barred by the doctrine of mistake.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Plaintiff did not sustain any damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. Plaintiff's damages, if any, were caused by third persons over whom ACH did not and does not have control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff failed to mitigate the damages, if any.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56. Plaintiff's sale of certain merchandise was not commercially reasonable under the circumstances.

**WHEREFORE**, ACH demands judgment against plaintiff as follows:

(a) dismissing plaintiff's Complaint in its entirety with prejudice;

(b) awarding ACH costs of suit herein including reasonable attorney's fees; and

(c) awarding ACH such other and further relief as the Court deems just and proper.

## AS AND FOR A FIRST COUNTERCLAIM

57.     Defendant ACH repeats and realleges each and every allegation made in Paragraphs "1" through "56" as if fully set forth herein.

58.     ACH is a corporation duly organized and existing under the laws of the State of New York with its principal place of office in the City of New York, County of Queens, State of New York.

59.     Upon information and belief, plaintiff GINTER LOGISTICS SERVICE CO, LTD. ("Ginter") is a Chinese corporation organized under the laws of the People's Republic of China and engages in freight forwarding and shipping services.

60.     In or about April 2006, ACH contacted Ginter regarding freight forwarding and shipping services to be provided to ACH's customers.  Ginter agreed to ship and forward merchandise for co-defendants XIAO JI HE, PACIFIC JIN AN TRADING, INC. and XIN MIAO, INC.

61.     In or about July 2006, Ginter, without consent or knowledge of ACH, unilaterally sent invoices to co-defendants for payment.  Ginter's invoices showed discrepancies from those sent by ACH and, as a result, co-defendants refused to pay either set of invoices and requested ACH to explain the discrepancies.

62.      The foregoing constitutes Ginter's material breach of it agreement with ACH, for which ACH has been injured.

**WHEREFORE**, ACH demands judgment on its counterclaim against plaintiff awarding ACH compensatory damages in the amount to be determined at trial but not less than $100,000.00 and awarding ACH such other and further relief as the Court deems just and proper.

## AS AND FOR A FIRST CROSS-CLAIM

63. ACH repeats and realleges each and every allegation made in Paragraphs "1" through "62" as if fully set forth herein.

64. ACH referred co-defendants to Ginter whereby Ginter agreed to provide shipping and freight forwarding services to co-defendants.

65. In the course of the parties' business relationship, Ginter and co-defendants had and maintained direct contact with each other regarding the services rendered by Ginter.

66. Ginter and co-defendants had a separate and independent agreement.

67. Co-defendants failed to make payment for the shipping and freight forwarding services provided by Ginter despite repeated demands and breached the material terms of the agreement they had entered into with Ginter.

**WHEREFORE,** should there be a judgment against ACH, ACH demands a judgment against co-defendants for statutory and common law indemnification and/or contribution and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant ACH hereby demands a trial by jury as to all issues herein so triable.

Respectfully submitted,

Dated: New York, New York
July 21, 2008

LAW OFFICES OF BING LI, LLC
Attorneys for ACH Freight Forwarding Inc.

By:/s/
Bing Li
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690